[No. 34898.   Department Two.   April 2, 1959.]

LEONARD LEE SMITH, *Respondent*, v. FRONTIER, INC.,
*Appellant.*[1]

[1]Reported in 337 P. (2d) 299.

*Brethorst, Fowler, Bateman, Reed & McClure,* for appellant.

*McMahon & Webster* (*Ramon E. Brown,* of counsel), for respondent.

MALLERY, J.—This is an action by the purchaser of a recapped tire against both the seller and the recapper for damages resulting from an automobile accident caused by failure of the tire.

The jury brought in a verdict for the purchaser against the seller, but found in favor of the recapper. The seller appeals.

There is evidence in the record from which the jury could have found the following facts: About six o'clock p. m., December 27, 1956, respondent, with a friend as passenger, drove his 1951 Plymouth to appellant's service station to purchase two tires for the purpose of driving his car to Rhode Island. He informed the employee on duty that he wanted two new Town and Country tires. The employee told respondent that he had no new Town and Country tires, but had two "recaps" that were just as good as new and had the same guarantee. Relying on this assurance, respondent bought the tires and had them mounted, by the employee, on the two rear wheels of his car.

Respondent and his friend then left at about 6:30 p. m., December 27, 1956, for Rhode Island. Driving continuously, with the exception of several brief stops for gas and food, they covered about eight hundred fifty miles between that time and the time of the accident at 3:30 p. m., the next afternoon, about twenty-one hours later. A large section of the rubber tread had separated from the cords in the casing of the right rear tire and had fallen off, thereby throwing the car out of control and off of the road.

■ Appellant assigns error to admitting certain opinion evidence of respondent's witness on the ground that he did not qualify as an expert. The witness had thirty-three years' experience in the automotive field as an employee of the city of Seattle. Among other things, he is in charge of tire maintenance for six hundred forty-seven city vehicles, of which approximately four hundred are passenger cars. He has attended maintenance conferences where they discussed tires and has seen many defective tires. He has made a study of what causes tires to become defective and has read tire-company bulletins and tire-company publications, which he receives continuously. His testimony was admitted for the purpose of showing the possible causes of the defect in the particular tire in question. This was within the sound discretion of the trial court. *Wilson v. Wright*, 52 Wn. (2d) 805, 329 P. (2d) 461. The trial court did not abuse its discretion in admitting this testimony.

Appellant contends that there is not sufficient evidence of an express warranty to justify giving an instruction thereon.

■ Appellant's employee, who sold the tire, testified: "Q. Did Mr. Smith ever ask you at any time about a warranty on these particular tires? A. Yes, I believe he did, and I told him that the tire was guaranteed for the lifetime of the tread."

Respondent testified that the employee said the tires had the same guarantee as new ones. This testimony is sufficient to support a finding of express warranty, and, hence, the instruction thereon was proper.

█ The appellant contends that since the witnesses did not use the terminology "free of defects" in stating the express warranty relied upon, it was error to use that term in instructions Nos. 4 and 9.

The instructions must be read as a whole. The use of the objectionable term was not misleading or prejudicial. We find no substantial difference in the fair intendment of the testimony quoted above and the phrase "free of defects". However interesting a semantic exercise may be, it should not be permitted to overturn a judgment unless we are convinced that the verdict could have been materially affected by the form of the words in the instructions.

█ Appellant contends it was error to instruct the jury on implied warranty because a seller of a chattel who is not the manufacturer is not liable for damage caused by a latent defect under the uniform sales act. We do not agree.

The pertinent statute is RCW 63.04.160, Rem. Rev. Stat., § 5836-15, which provides, *inter alia*:

". . . (1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

Construing this language in *Ringstad v. I. Magnin & Co.*, 39 Wn. (2d) 923, 239 P. (2d) 848, we said:

"Under that subsection there are two prerequisites to an implied warranty of fitness: First, the buyer must make known to the seller, expressly or by implication, the particular purpose for which the article is required; and second, the buyer must rely upon the seller's skill and judgment when he purchases the article. [Citing case.]"

The record is clear that the appellant knew what the tires would be used for, and that the respondent in buying recapped tires relied upon the warranty that they were as good as new.

█ Appellant contends the evidence was insufficient to show the existence of a specific defect in the tire at the

time of sale. It is, of course, undisputed that the tire failed. Respondent's expert testified that the cause of the tire failure was a separation of the bond of the manufacturer's original rubber from the carcass, and that there were two possible causes of the separation: (1) The bond separated because of excessive heat due to the tire being run underinflated at high speeds, or (2) the bond was defective prior to recapping, was further weakened by the recapping process, and finally separated because of the heat generated during normal driving.

The record adequately supports a finding by the jury that not only were the road conditions and the driving normal, but also that the tire was not underinflated. This leaves the second cause of the separation available to the jury without recourse to speculation.

■ Appellant contends that it was error to give instruction No. 10 insofar as it raised the issue of negligence, for the reason that there is no evidence of negligence in the record.

We might well agree with appellant that the seller of goods with a latent defect is not *negligent* merely because of the sale of the article. However, the evidence of the appellant's negligence is not related to the sale, but to the manner in which appellant stored the tire so that it got wet, thus creating a steam hazard in the tire due to heat generated in normal driving.

The judgment is affirmed.

WEAVER, C. J., HILL, and FOSTER, JJ., concur.

FINLEY, J., concurs in the result.

June 16, 1959. Petition for rehearing denied.